*B. F. Butler*, contra, cited 18 *John. Rep.* 54; 9 *id.* 392; 1 *Cowen*, 427.

*Curia.* *Post* v. *Riley*, (18 *John.* 54,) and *Mechanics' Bank* v. *Hazard*, (9 *id.* 392,) are in point against the application. The discharge should have been pleaded, being long before judgment. This not being done, the defendant cannot avail himself of it, and the bail are concluded. They must discharge themselves in the ordinary way, by surrender. (*Franklin* v. *Thurber*, 1 *Cowen*, 427.)

ALBANY,
Feb. 1827.

Jackson
v.
Stiles.

Motion denied.

---

**JACKSON**, *ex dem.* Everest and others, *against* **STILES**, Soper, tenant.

EJECTMENT. Motion (among other things) to set aside the declaration, on the ground that it was entitled of *February* term, 1827, the term at which it was returnable. It was served on the tenant, with the notice from the casual ejector, on the 15*th* of *February*, 1827, several days before the term commenced.

*The title to a declaration in ejectment is mere form, and good, tho' of a term after its service. So, though it be without any title at all.*

*H. Bleecker*, for the motion.

*W. Swetland*, contra, cited, 1 *Chit. Pl.* 265; *Dunl. Pr.* 998, 9; *Adams on Eject.* 185.

*Curia.* The motion must be denied. The entitling of a declaration in ejectment is a mere matter of form; and it is good without any title at all. (*Adams on Eject.* 185.)

Motion denied.